UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TROY M. GRIFFIN,**

    Petitioner,

v.                                            Case No. 8:23-cv-1458-MSS-AEP
                                                  Case No.: 8:15-cr-453-MSS-AEP

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER

The United States moves to dismiss this civil action and argues that the district court lacks jurisdiction to consider Troy M. Griffin's motion under 28 U.S.C. § 2255 due to his pending appeal. (Civ. Doc. 6)

**I.**     **Background**

In 2016, a jury found Griffin guilty of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One), Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2 (Count Two), and brandishing a firearm during and in relation to the conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Three). (Crim. Doc. 179) The district court sentenced Griffin to 294 months' imprisonment. (Crim. Doc. 234) Griffin appealed (Crim. Doc. 236), and the circuit court affirmed the district court's judgment and sentence. *United States v. Griffin*, 724 F. App'x 808 (11th Cir. 2018).

Griffin moved under 28 U.S.C. § 2255 to vacate his convictions and sentence. *Griffin v. United States*, 8:18-cv-1380-MSS-SPF. The district court granted the motion in part and vacated Griffin's conviction under § 924(c). Following a resentencing hearing on July 29,

2021, the district court entered an amended judgment and sentenced Griffin to 235 month's imprisonment. (Crim. Docs. 356 and 357)

Griffin appealed the amended judgment and sentence (Crim. Doc. 353), and the circuit court affirmed. *United States v. Griffin*, No. 21-12727, 2023 WL 239763, at *3 (11th Cir. Jan. 18, 2023).

Next, Griffin moved to dismiss his indictment and argued that the indictment was defective or void. (Crim. Docs. 425 and 427) Consistently with *Castro v. United States*, 540 U.S. 375, 383 (2003), the district court directed Griffin to determine whether his motion to dismiss the indictment should be construed as a Section 2255 motion or whether he sought to amend or withdraw the motion. (Crim. Doc. 428) Griffin responded by repeating his assertion that all counts in the indictment should be dismissed. (Crim. Doc. 429) Also, he filed a motion to suppress. (Crim. Doc. 430) The district court determined that it lacked jurisdiction to rule on Griffin's motions because the circuit court affirmed his convictions and sentences in 2018 and the criminal action is no longer pending. (Crim. Doc. 431) Therefore, the motions were dismissed for lack of jurisdiction on May 8, 2023. (*Id.*)

Griffin appealed that order. (Crim. Doc. 432) The appeal remains pending before the circuit court. *United States v. Troy Griffin*, Appeal No. 23-11808.

On June 20, 2023, Griffin initiated this civil action by filing another Section 2255 motion. (Civ. Doc. 1; Crim. Doc. 436) The district court directed the United States to respond to that motion. (Civ. Doc. 2) The United States now moves to dismiss this civil action and argues that Griffin's notice of appeal divested this district court of jurisdiction.

## II.     Discussion

"[T]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) (quotations omitted). "When an appeal is filed, a district court is divested of jurisdiction to take *any* action with regard to the matter except in aid of the appeal." *Id.* (emphasis in original) (quotations omitted). "The general rule is that a defendant may not seek collaterial relief while his direct appeal is pending." *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990). "[T]he appropriate action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice so that the defendant can pursue his or her collateral remedies when jurisdiction is revested in the district court after disposition of the direct appeal." *United States v. McKnight*, No. 20-11859, 2022 WL 4692129, at *3 (11th Cir. Oct. 3, 2022) (citing *Khoury*, 901 F.2d at 976).

Here, Griffin's notice of appeal filed in his criminal action divested this district court of jurisdiction to entertain his Section 2255 motion. Therefore, this action must be dismissed without prejudice so that Griffin may refile it after the disposition of his appeal. *See United States v. Dunham*, 240 F.3d 1328, 1329–30 (11th Cir. 2001) ("We conclude that the district court lacked jurisdiction to consider and rule on [defendant's] § 2255 motion during the pendency of her direct appeal of her sentence, and therefore her appeal of the district court's denial of that motion is dismissed without prejudice and the district court's order denying [defendant's] § 2255 motion is vacated without prejudice to [defendant's] right to file a § 2255 motion after the disposition of her direct appeal.").

### III. Conclusion

Accordingly,

1. The United States' motion to dismiss (Civ. Doc. 6) is **GRANTED**.

2. Griffin's action under 28 U.S.C. § 2255 is **DISMISSED** for lack of jurisdiction. The dismissal is without prejudice to Griffin filing a motion to vacate after the final disposition of his direct appeal.

3. The Clerk is directed to terminate any pending motions and close this case.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 11th day of September, 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE